## Pairo *against* The American Insurance Company.

The prothonotary can receive a fee of 75 cents for issuing a *venire* only for the term at which the cause is tried, though it may have been repeatedly before on the trial list.

ON the taxation of the bill of costs in this case, the question was, whether a fee of 75 cents for issuing a *venire* is chargeable by the prothonotary for every time a cause is on the trial list, besides the term at which the cause is tried, under the 6th section of the Act of 22d February 1821, allowing for " issuing *venire* in each case when tried by a jury, 75 cents."

*Hubbell* for the defendant.
*Tilghman*, contra.

The Court decided that only one fee was allowable.

## Mertz's Case.

A person convicted in the Quarter Sessions of Philadelphia county for keeping a tippling-house, and sentenced to pay a fine of $50 and stand committed, is not entitled to be discharged at the end of one month without paying the fine.

THE prisoner, John T. Mertz, was brought up on *habeas corpus*. and *Brightly* moved for his discharge. The prisoner was convicted in the Quarter Sessions of Philadelphia county, on the 8th March 1845, on an indictment for keeping a tippling-house, and sentenced to pay a fine of $50 and costs, and stand committed until the sentence was complied with. The indictment charged that " he sold and retailed less than one quart of rum, wine, brandy and other spirituous liquors, then and there delivered at one time and to one person and to more than one person, without having first obtained license agreeably to law for that purpose, contrary to the form of the Act of Assembly, &c."

*Brightly*, for the relator, contended that the conviction was under the Act of 27th January 1819, relating to the city and county of Philadelphia, by the 1st section of which the fine is fixed at $50, and the alternative is to pay the fine, or, if unable, to be committed for any time not exceeding one month. The prisoner was

[Mertz's Case.]

unable to pay the fine, but had served out the month, and was therefore entitled to be discharged.

*J. A. Phillips,* contra.    The Act of 1819 is virtually repealed by the general Act on the subject passed the 11th March 1834, and it was under this Act the sentence was passed.    The 25th section provides that if any person shall sell less than one quart of spirituous or vinous liquors, to be delivered at one time to one or more persons, without having first obtained a license agreeably to law for that purpose, such person shall be liable to indictment, and on conviction thereof shall forfeit and pay for every such offence a sum not exceeding $100.    He must therefore stand committed till his fine is paid.    If unable to pay it, provision is made by the 47th section of the Insolvent Act of 16th June 1836 for his discharge after being confined three months.    The Act of 1819 is repealed by the intermediate Act of 7th April 1830, the provisions of whose 9th section correspond with those of the Act of 1834.

*Per Curiam.*—Prisoner remanded.

# Chew's Case.

Since the Act of 29th March 1832, the Supreme Court have no power to take bail on appeal from the Orphans' Court. This power is vested exclusively in the latter court.

SERGEANT, J.—A petition has been presented to this court by Benjamin Chew, stating that the Orphans' Court for the county of Philadelphia had required from him, as one of the executors of Benjamin Chew, deceased, bail on appeal to this court in the sum of $50,000, which he alleges to be excessive, and prays the interference of this court to hear the case and determine and take the proper amount of bail.

It is very clear that this court has no jurisdiction to interfere in the matter.    The provisions of the 59th section of the Act of 29th March 1832, give the power exclusively to the Judges of the Orphans' Court.    It provides that the party appealing shall give security by recognizance with sufficient surety in the Orphans' Court or before one of the judges thereof. No such power is vested in this court or its Judges.    By a general provision of the 7th section of the Act of 11th March 1809, the Judges of this court, as well as the courts below, might formerly take bail in error or on appeals; but the substitution in the Orphans' Court Act of 1832, of a specific provision as to appeals from that court, vesting the power in the Judges of that court alone, seems to have altered the